YOUNG, Respondent, v. PRENTICE, Appellant.

St. Louis Court of Appeals, March 29, 1904.

1. PLEADINGS: Legal Conclusions: Informal Statement Good After Verdict. A statement of a cause of action which pleads legal conclusions instead of stating the facts from which the right of action emanates is informal and defective, but must be held sufficient to sustain a verdict. .

2. ANIMALS: Trespass: Evidence. In an action for damages sustained by plaintiff from the overruning of his premises by defendant's cattle, which escaped from defendant's farm, adjoining, the introduction by plaintiff of defendant's deed to the latter's farm, to show the extent of defendant's possession, was not reversible error.

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Blair, Marchand & Rouse* and *N. W. Simpson* for appellant.

Respondent's complaint filed in this cause before the justice of the peace does not state facts sufficient to constitute a cause of action against appellant. R. S. 1899, sec. 4777, p. 1136; Sheehan & Loler Trans. Co. v. Simms, 28 Mo. App. 64. The court erred in admitting in evidence deed from W. J. Burnett to William H. Prentice, and objected to by appellant because it is an attempt to prove title and that is not the question involved, it is the possession.

*R. J. McNally, Linn Anderson* and *W. M. Hilbert* for respondent.

REYBURN, J.—This action was begun before a justice of the peace of LaBelle township, Lewis county, and a trial had before a second justice of the same

township to whose court a change of venue was awarded, the cause of the action being thus exhibited:

"Plaintiff states that on the ——— day of September, 1902, a large herd of cattle belonging to defendant unlawfully left the enclosure of defendant in said county of Lewis, and entered upon the land of plaintiff, situated on the west part of section four (4), township sixty-one, (61) range eight (8) in said township of La Belle, and destroyed a large quantity of plaintiff's corn being and growing on his said premises, to-wit: one hundred and fifty bushels, and otherwise damaged plaintiff by tramping upon his said ground, all to the damage of plaintiff in the sum of sixty dollars.

"Plaintiff states that at and prior to the unlawful entry of said cattle upon his said premises, the law known as the stock law, declaring it to be unlawful for cattle and other animals to run at large outside the inclosure of the owner and requiring such owner to restrain same from running at large, was in full force, having been previously adopted by a majority of the qualified voters of said county of Lewis.

"Wherefore, plaintiff asks judgment," etc.

An appeal was taken to the circuit court where a jury returned a verdict for plaintiff and defendant has appealed.

At the trial it was agreed that the stock law (Art. 2, chapter 69, R. S. 1899) was in effect in Lewis county at the time of the alleged injury. The testimony revealed that the opposing parties occupied adjoining farms south of the Fabius river, which formed the northern boundary of both, excepting a tract of about nine acres belonging to respondent north of the river. South of the river appellant's grantor and respondent had maintained a division fence and this arrangement was respected after appellant took possession. Appellant had a line of fence extending along the south bank of his farm on his northern boundary through which cat-

tle belonging to him were charged to have escaped and strayed across the river into respondent's nine acres on the north side of the Fabius river, destroying and consuming a large quantity of corn, the property of respondent. Appellant's position was that it devolved upon respondent to keep a water-gap across the Fabius river between his land and that of appellant and by connecting such water-gap on opposite sides of the river with the fencing on north and south banks, to prevent stock from trespassing upon his premises, or to have a temporary wire fence across the stream for the same purpose.

1.   The statement of the cause of action is assailed as being insufficient in the facts stated, particularly in failing to contain averments to the effect that the cattle doing the injury were running at large; that appellant permitted them to run at large outside of his enclosure upon the day of the alleged trespass, in omitting to state that appellant was owner, lessee, or in control of the realty, that appellant had any enclosure of any land, and that he owned any cattle, on the date of the injury, which was running in an enclosure of appellant. The language employed in presenting the respondent's complaint was unnecessarily concise and may be condemned as reciting legal conclusions in lieu of pursuing the better practice of pleading the facts from which the right of action emanates, but regarded most critically it is but the informal or defective statement of a cause of action and not the statement of a defective right of action and must be held sufficient to sustain the verdict and good after judgment. R. S. 1899, sec. 672; Salmon Falls Bank v. Leyser, 116 Mo. loc. cit. 73; Buck v. Peoples, etc. 46 Mo. App. loc. cit. 562.

2.   The admission in evidence of the deed from his grantor to appellant is urged as prejudicial error; the objection thereto was that it was an attempt to prove title which was not involved. It tended to establish the

extent of appellant's occupancy and did not constitute fatal error even if improper. The objections urged against the admission of a series of questions involving the damages suffered by respondent in the loss of the corn injured by the cattle, may be disposed of collectively by the reply that they have severally been considered and in no case were the inquiries improperly directed or the answers thereto inadmissible, but bore directly upon the controversy.

3. The court was fully warranted in refusing the imperative instruction asked by appellant directing a verdict in his favor. There was abundant testimony justifying the submission of the plaintiff's right of recovery as developed by the testimony introduced in his behalf to the jury. Nor are the infirmities charged in other instructions given by the court sustained; the controversy was characterized by conflicting evidence upon the issues of fact, particularly appropriate for the consideration and decision of a jury; the case was submitted in a charge composed of numerous instructions, comprehending all asked by appellant except that directing a verdict in his favor, and no error has been displayed warranting a disturbance of the finding and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.